IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SCOTT D. WHITE,

    Plaintiff,
v.                                              CASE NO. 1:05-cv-00103-MP-AK

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

_____/

**O R D E R**

This matter is before the Court on Doc.21, Report and Recommendation of the Magistrate Judge, recommending that decision of the Commissioner denying benefits be affirmed. The Magistrate Judge filed the Report and Recommendation on Friday, February 2, 2007. The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections. Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has made. In this instance, however, no objections were made.

The Magistrate's Report recommends that the Commissioner's decision be affirmed. The standard of review established by § 405(g) requires that the Commissioner's decision be affirmed if it is supported by substantial evidence and the correct legal standards have been applied. Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997). In this case, the Administrative Law Judge found that although Plaintiff's bipolar disorder was a severe impairment, it did not meet or equal the Listings of Impairments for Affective Disorders. At the hearing, the vocational expert advised the ALJ that Plaintiff could perform his past relevant

work as a grocery bagger or lawn service, as well as other work which existed in significant numbers in the national economy, and therefore Plaintiff was not disabled within the meaning of the Social Security Act.

The ALJ analyzes a Social Security disability claim by using a sequential evaluation process in order to determine if a claimant has proven that they are disabled. The claimant must first prove that they are not engaged in substantial gainful activity. At the second step, the claimant must prove that they have a severe impairment or combination of impairments. After the claimant either is found automatically disabled in step three or proves in step four the inability to perform their past relevant work, the burden shifts to the Commissioner in step five to determine if there is other work available in significant numbers in the national economy that the claimant is able to perform. See 20 C.F.R. § 416.920. Step five is accomplished either through reliance on the Medical Vocational Guidelines or the testimony of a vocational expert.

In this case, the ALJ relied on the testimony of the vocational expert to determine at step four of the sequential analysis that Plaintiff had not met his burden to prove inability to perform his past relevant work. Under the Social Security Act, a plaintiff is not disabled if he can perform his past relevant work, either as he performed it, or as the work is performed in the national economy. In the alternative, the ALJ found at step five of the sequential analysis, based upon the hypothetical posed to the vocational expert, that work existed in significant numbers in the national economy that Plaintiff can perform based on his age, education, work history, and residual functional capacity. "In order for a [vocational expert's] testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999). Because a

claimant must prove severe impairment at step two, the ALJ is only required to pose in the hypothetical to the expert those limitations he finds severe. Pendley v. Heckler, 767 F.2d 1561, 1563 (11th Cir. 1985).

At the hearing, the ALJ heard evidence from Dr. Chodosh, who examined Plaintiff's back, Dr. Nazario, who conducted a mental evaluation, Dr. Bee, a non-examining state agency doctor, and Dr. Doug McKeown, who prepared a Psychiatric Review Technique Form. Also, the ALJ referenced mental health treatment by a nurse practitioner at Memorial Healthcare Systems, and a psychiatric evaluation by a nurse practitioner at Trenton Medical Center. The ALJ must give controlling weight to a treating physician's opinion on the nature and severity of a claimant's impairments that is well-supported by medically acceptable clinical and laboratory diagnostic techniques, unless good cause exists to disregard the treating physician's opinion. Hillsman v. Bowen, 804 F.2d 1179, 1181 (11th Cir. 1986). If an ALJ fails to give adequate reasons for rejecting a treating physician's opinion, the opinion is accepted as true as a matter of law. MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986).

The ALJ rejected the opinions set forth in the medical evidence from Plaintiff's treating sources without giving explicit reasons, and relied instead on the opinions of the consultive and non-treating physicians. Although the ALJ did not fully articulate his reasons for rejecting the opinions of the two nurse practitioners, because they are not treating physicians, the Court agrees with the Magistrate that their opinions are not entitled to greater weight than the other medical sources upon which the ALJ relied. Therefore, while the ALJ should have explained this rationale in his decision, the Court agrees with the Magistrate that this error was harmless since there was contrary and substantial evidence to support the ALJ's findings. The medical evidence

and the reports of Dr. McKeown, Dr. Bee, and Dr. Nazario all support the ALJ's finding on the nature and severity of Plaintiff's impairments. Therefore, substantial evidence supports the ALJ's finding that Plaintiff was not disabled.

At the hearing, Plaintiff also claimed that chronic back pain and migraine headaches prevented him from engaging in substantial gainful employment. If a plaintiff's subjective complaints of pain are supported by objective medical evidence of a condition reasonably expected to produce these symptoms, this testimony must be accepted as true as a matter of law if the ALJ fails to articulate adequate reasons for discrediting the subjective pain testimony, and these impairments must then be included in the hypothetical posed to the vocational expert. Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988). At the hearing, Plaintiff testified that he suffered from back pain and migraines. While the objective medical evidence shows "minor disc space narrowing," because the record also shows that Plaintiff experienced no exertional limitations, and because of the several contrary medical opinions, the ALJ found Plaintiff's subjective complaints of pain to be not credible. Also, although Plaintiff had complained of migraines in the past, the Court agrees with the Magistrate that no medical evidence reflects a severe or on-going condition resulting from Plaintiff's migraine headaches. Therefore, because the record contains no objective medical evidence to support a condition that would reasonably be expected to give rise to severe pain, the ALJ was not required to include Plaintiff's subjective complaints of pain in the hypothetical posed to the vocational expert. Since the ALJ had already found that Plaintiff could preform his past relevant work, the Court agrees with the Magistrate that any such error in the hypothetical would be irrelevant anyway.

Therefore, having considered the Report and Recommendation and the lack of objections,

I have determined that the Report and Recommendation should be ADOPTED. Accordingly, it is hereby

    **ORDERED AND ADJUDGED:**

1.     The Magistrate Judge's Report and Recommendation is adopted and incorporated by reference in this order;

2.     The Commissioner's decision denying benefits is affirmed.

    **DONE AND ORDERED** this <u>*16th*</u> day of March, 2007

                  <u>*s/Maurice M. Paul*</u>
                 Maurice M. Paul, Senior District Judge